IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AR DESIGN INNOVATIONS LLC, | CIVIL ACTION NO. 2:21-CV-00465-JRG |
| Plaintiff, | |
| v. | |
| IKEA NORTH AMERICA SERVICES LLC and IKEA DALLAS L.P., | |
| Defendants. | |

**PLAINTIFF'S OPPOSED MOTION
FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff AR Design Innovations LLC ("AR Design" or "Plaintiff") moves for leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 16(b)(4).  Specifically, AR Design seeks leave to add two parties, Inter IKEA Systems B.V. ("Inter IKEA") and Ingka Holding B.V. ("Ingka Group"[1]), which, on information and belief, are related to original Defendants IKEA North America Services LLC ("IKEA NAS") and/or IKEA Dallas L.P. ("IKEA Dallas").[2]  Both Inter IKEA and Ingka Group also infringe U.S. Patent No. 7,277,572 (the "'572 patent"), the sole patent asserted in the original Complaint, by providing and offering, among other infringing technologies, the IKEA Kreativ product, which uses the IKEA mobile app as well as website functionalities.

This motion is timely and the proposed relief will not prejudice the defendants.  IKEA

---

[1] Based upon public information, "Ingka Group" refers to "Ingka Holding B.V."  *See* https://www.ingka.com/.

[2] Counsel for IKEA NAS has represented to AR Design that IKEA Dallas is no longer in operation, but has provided no definitive evidence supporting that assertion.  IKEA Dallas has not answered or otherwise responded to the original Complaint.

Kreativ was first announced on June 22, 2022, and AR Design first learned of that announcement on or around June 24, 2022.  After several weeks of discussions between the parties, IKEA NAS notified AR Design on July 25, 2022 that it opposes this motion, which has been promptly filed. The proposed amendment to the pleadings will not prejudice the defendants or the Court.  The amendment is necessitated by the introduction of a new product by companies related to the currently named defendants.  Indeed, allowing the proposed amendment is in the interest of judicial efficiency.  AR Design's proposed Amended Complaint is attached hereto as **Attachment 1**.

# TABLE OF CONTENTS

I.    RELEVANT FACTUAL BACKGROUND ................................................................. 1

II.   LEGAL STANDARD ............................................................................................... 2

    A.   Fed. R. Civ. Proc. 16 ....................................................................................... 2

    B.   Fed. R. Civ. Proc. 15 ....................................................................................... 2

III.  AR DESIGN SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT. ... 3

    A.   Good Cause Supports Granting Leave To Amend To Add Parties Under Rule 16(b). ................................................................................... 3

    B.   Justice Requires Granting AR Design Leave To Amend To Add Two Parties. .......................................................................................................... 5

IV.   CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................... 2, 3

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.,* 360 F.Supp.3d 541 (E.D. Tex. 2018) ......................................................................................................................... 2, 3, 5

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 892 F.3d 719 (5th Cir. 2018) ......................................................................................................... 2

*MASS Engineered Design, Inc. v. Ergotron, Inc.,* No. 2:06-cv-00272-LED, 2008 U.S. Dist. LEXIS 35577 (E.D. Tex. Apr. 30, 2008) .................................................... 4, 5

*S&W Enters., L.L.C. v. Southtrust Bank of Ala.,* 315 F.3d 533 (5th Cir. 2003) ................... 2, 4, 5

**<u>Rules</u>**

Fed. R. Civ. Proc. 15(a)(1)(B) ........................................................................................ 2

Fed. R. Civ. Proc. 15(a)(2) ......................................................................................... 2, 3

Fed. R. Civ. Proc. 16(b)(4) ............................................................................................ 2

## I.   RELEVANT FACTUAL BACKGROUND

AR Design recently learned that a new product, IKEA Kreativ, was being advertised on an IKEA website.  The "Ingka Group" had announced the launch of that new product in a June 22, 2022 press release.  *See* **Exhibit A**.  AR Design first learned of IKEA Kreative on or around June 24, 2022, and after confirming IKEA Kreativ infringes claims of the '572 patent, promptly notified counsel for IKEA NAS on June 29, 2022 that it intended to seek leave to amend the original Complaint to identify the IKEA Kreative product and add Inter IKEA and Ingka Group[3] as parties. *See* **Exhibit B** (June 29, 2022 email from C. Matthew Rozier to Ricardo Bonilla *et al*.).  Shortly thereafter, counsel for IKEA NAS notified AR Design that it needed more time to consider whether IKEA NAS would oppose a motion to amend the Complaint.  AR Design agreed to delay the filing of this Motion to allow IKEA NAS time to consider whether it would oppose the Motion, and counsel for IKEA NAS agreed not to use that delay as a basis to oppose any motion to amend the complaint.  *Id*. (July 5, 2022 email from Ricardo Bonilla to C. Matthew Rozier *et al*.).  After several follow up emails and a meet and confer, IKEA NAS informed AR Design on July 25, 2022 that it opposed this Motion.  *Id*. (July 25, 2022 email from Ricardo Bonilla to C. Matthew Rozier *et al*.).

This case is at an early stage.  The parties are currently engaged in discovery and the next significant deadline—an October 27, 2022 exchange of proposed claim terms for construction— is three months away.  *See* Dkt. No. 20 at p.4.  The claim construction hearing is currently scheduled for March 2, 2023 and the close of fact discovery is April 3, 2023, more than 7 months away.  *See id.*

---

[3]  Based upon public information, "Ingka Group" refers to "Ingka Holding B.V."  *See* https://www.ingka.com/.

## II.  LEGAL STANDARD

### A.  F**ED**. R. C**IV**. P**ROC**. 16

"[T]he grant or denial of leave to amend the complaint is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  After a scheduling order has been entered, a party may only amend its pleadings after "a showing of good cause and by leave of the district judge." Fed. R. Civ. Proc. 16(b)(4); *see also S&W Enters., L.L.C. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").  Courts in the 5th Circuit consider four factors when considering a motion to amend under Rule 16(b): (1) the reason for not moving to amend by the date in the schedule; (2) the amendment's importance to the case; (3) the potential for prejudice if the amendment is allowed; and (4) whether any prejudice may be cured through a continuance.  *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 892 F.3d 719, 735 (5th Cir. 2018) (citing *S&W Enters., L.L.C.,* 315 F.3d at 536); *see also IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.,* 360 F.Supp.3d 541, 548 (E.D. Tex. 2018).  Only if good cause has been established does the "more liberal standard of Rule 15(a) apply." *S&W Enters., L.L.C.,* 315 F.3d at 536; *Innova Hosp. San Antonio, L.P.,* 892 F.3d at 735.

### B.  F**ED**. R. C**IV**. P**ROC**. 15

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Proc. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. Proc. 15(a)(2).  The court should freely give leave when justice so requires. *Id.*  A motion for leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman*, 371 U.S. at 182; *IDB Ventures, LLC,* 360 F.Supp.3d at 548 ("Leave of court is to be freely granted 'when justice so requires.'" quoting Fed. R. Civ. Proc. 15(a)(2)).

### III. AR DESIGN SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT.

AR Design satisfies the elements of Fed. R. Civ. P. 16(b) and the standard of Fed. R. Civ. P. 15(a)(2).  As shown in **Attachment 1**, AR Design seeks only to add two parties to the case—both of which are "IKEA" entities related to the current defendants—and one newly-offered product.  The amendments will not add any new patents or causes of action and no change to the Court's Docket Control Order is contemplated or requested.  This request to add parties is also well before the current deadline to amend the pleadings in this case.  *See* Dkt. No. 20 at p.4.

### A. GOOD CAUSE SUPPORTS GRANTING LEAVE TO AMEND TO ADD PARTIES UNDER RULE 16(b).

The first factor in evaluating a Rule 16(b) amendment is the reason for not moving to amend by the date in the schedule (March 23, 2022 in this case).  But AR Design could not have requested the current amendments until recently.  The newly accused product, IKEA Kreativ, was not introduced until approximately three months after the March 23, 2022 deadline to add parties. *See* Ex. A.  And although IKEA NAS identified Inter IKEA, it did not do so until April 6, 2022 when it served its Initial and Additional Disclosures  where it identified Inter IKEA as the "developer of the accused system."   In addition, AR Design was unaware of the extent of the responsibilities of IKEA NAS and Inter IKEA until June 22, 2022, when IKEA NAS finally produced its agreements with Inter IKEA *after* refusing to provide those agreements before that date.  *See* **Exhibit C**.  In cases such as this, good cause exists and courts have allowed the movant

to advance to the "more liberal standard of Rule 15(a)." *See S&W Enters., L.L.C.,* 315 F.3d at 536.

The remaining three factors for a Rule 16(b) amendment also support AR Design's request. Here, the requested amendment is important to the case and will foster judicial efficiency. Permitting infringement claims against joint infringers in a single case, when possible, improves efficiency. *See MASS Engineered Design, Inc. v. Ergotron, Inc.,* No. 2:06-cv-00272-LED, 2008 U.S. Dist. LEXIS 35577, *11 (E.D. Tex. Apr. 30, 2008) (granting "leave to amend its complaint serves the interest of justice and preserves judicial economy by providing one forum to resolve these related issues expeditiously."). The two new parties are directly involved with the development, design, and operation of the new IKEA Kreativ product, and are therefore implicated in this case and should be parties. Discovery from them will be necessary, and if they are not in the case, third-party discovery from each of these entities will be necessary. AR Design would otherwise be forced to pursue its infringement claims against them in separate cases.

There is also no prejudice to the defendants if the amendment is allowed. First, the parties to be added are IKEA entities related to the original defendants, at least by contractual agreements dictating the companies' respective operations and obligations to each other. Moreover, discovery is in its early stages and the parties' claim construction exchanges will not begin until late October. *See* Dkt. No. 20 at p.4. The substance of this case will change little because there are no new patents or causes of action to be added. There will be no effect on the claim construction process or hearing (which is months away). And the new parties will not be at any disadvantage given that their related entities are already actively litigating this case. Indeed, the Docket Control Order contemplates that amendment of the pleadings may be necessary such that the schedule accounts for the possibility of the case evolving after discovery has started.

There will also be no need for a continuance or other delays in this case because there is

no prejudice.  Even if there were some purported prejudice to the defendants, minor amendments to the Docket Control Order would certainly mitigate or eliminate any issues.  *See MASS Engineered Design, Inc.,* 2008 U.S. Dist. LEXIS 35577 at \*12 ("resulting prejudice, if any, may be cured by amending the Docket Control Order.").

### B. JUSTICE REQUIRES GRANTING AR DESIGN LEAVE TO AMEND TO ADD TWO PARTIES.

AR Design also meets the requirements of Fed. R. Civ. Proc. 15(a).  *See S&W Enters., L.L.C.,* 315 F.3d at 536.  There is no undue delay, bad faith, or dilatory motive on AR Design's part in seeking to amend the complaint.  AR Design brought this motion soon after learning that IKEA NAS was pointing to its corporate relative as at least partially responsible for the alleged infringement of one or more claims of the Patent-in-Suit.  There was no way for AR Design to know that a new infringing product would be introduced six months after its Complaint was filed.  Notably, this motion is brought within one month of the parties' joint motion to withdraw AR Design's Motion to Compel.  *See* Dkt. No. 30.  The circumstances here support a conclusion that the Court should "freely give leave" under Fed. R. Civ. Proc. 15(a) and permit AR Design to amend the Complaint as set forth in Attachment 1.  *See* Fed. R. Civ. Proc. 15(a); *see also IDB Ventures, LLC,* 360 F.Supp.3d at 548.

### IV. CONCLUSION

For the foregoing reasons, AR Design asks the Court to grant leave to file AR Design's Amended Complaint in substantially the form provided in Attachment 1 hereto.

Dated: <u>July 27, 2022</u>                                    Respectfully submitted,

                                                              By: <u>*/s/ C. Matthew Rozier*</u>

                                                              Jonathan L. Hardt (TX 24039906) *
                                                              **ROZIER HARDT MCDONOUGH, PLLC**
                                                              712 W. 14th Street, Suite C
                                                              Austin, Texas 78701
                                                              Telephone: (210) 289-7541
                                                              Email: hardt@rhmtrial.com

                                                              C. Matthew Rozier (CO 46854) *
                                                              **ROZIER HARDT MCDONOUGH, PLLC**
                                                              2590 Walnut Street, Suite 10
                                                              Denver, Colorado 80205
                                                              Telephone: (720) 820-3006
                                                              Email: matt@rhmtrial.com

                                                              James F. McDonough, III (GA 117088) *
                                                              Jonathan R. Miller (GA507179) *
                                                              Travis E. Lynch (GA 162373) *
                                                              **ROZIER HARDT MCDONOUGH, PLLC**
                                                              3621 Vinings Slope, Suite 4300
                                                              Atlanta, Georgia 30339
                                                              Telephone (470) 480-9505, -9517, -9514
                                                              Email: jim@rhmtrial.com
                                                              Email: miller@ rhmtrial.com
                                                              Email: lynch@ rhmtrial.com

**Attorneys for Plaintiff, *AR DESIGN INNOVATIONS LLC***

*Admitted to the Eastern District of Texas

<u>Exhibits</u>
    A.  Website: IKEA Kreative
    B.  Email string dated July 25, 2022
    C.  Email string dated June 2, 2022

<u>Attachment</u>
    1.  Proposed First Amended Complaint
    Proposed Order

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.

Dated: <u>July 27, 2022</u>

By: <u>*/s/ C. Matthew Rozier*</u>
C. Matthew Rozier

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Eastern District of Texas Local Rule CV-7(I), counsel have met and conferred on July 20, 2022 by telephone and July 25, 2022 by email, but the parties were unable to agree on Plaintiff's requested relief.

Dated: <u>July 27, 2022</u>

By: <u>*/s/ C. Matthew Rozier*</u>
C. Matthew Rozier