# EXHIBIT C

**Email string dated June 2, 2022**

| | |
|---|---|
| **From:** | C. Matthew Rozier |
| **To:** | Ricardo Bonilla; Adil Shaikh |
| **Cc:** | Jim McDonough; Jonathan Hardt; Jonathan Miller; Neil McNabnay; Philip Brown; Cindy Hart; Travis Lynch |
| **Subject:** | Re: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG |
| **Date:** | Thursday, June 2, 2022 12:52:12 PM |
| **Attachments:** | image001.png<br>image002.png<br>image004.png |

Counsel,

Thank you for the meet and confer today.  You represented to us that your clients have franchise and/or other agreements responsive to our requests, but that you believe you are not allowed to share those with us due to provisions in those agreements.  You further represented that you have submitted a formal request for permission from IKEA Systems B.V. to allow your clients to produce those agreements, and that IKEA Systems B.V. has refused to grant that permission.  Please produce all documents and communications referring or relating to those requests.

As discussed, your client's production obligations are months overdue and are severely prejudicing AR Design's ability to move this case forward.  AR Design requests production of the alleged agreements you have mentioned, as well as financial information sufficient to show payments to IKEA Systems B.V. pursuant to those agreements and all other relevant documents in your client's possession, custody, or control regarding the Ikea Place App and the corresponding functionality available through Ikea's website, both of which are, on information and belief, operated by or on behalf of your client in exchange for payments.  *See, e.g.*, https://www.ikea.com/us/en/home-design/.  Even accepting all your representations as true, your clients infringe the Asserted Patent both directly and indirectly for at least the reasons detailed in the Complaint and discussed on our meet and confers, and it defies belief that your clients do not have a single document or communication referring or relating to the Ikea Place App or associated website functionality.

By the close of business on Monday, June 6, please let us know whether your clients will produce the requested documents by Friday, June 10.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



**From:** Ricardo Bonilla <rbonilla@fr.com>
**Date:** Wednesday, June 1, 2022 at 11:53 AM
**To:** C. Matthew Rozier <matt@rhmtrial.com>, Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jonathan Miller <miller@rhmtrial.com>, Neil McNabnay <McNabnay@fr.com>, Philip Brown <pgbrown@fr.com>, Cindy Hart <hart@fr.com>, Travis Lynch <lynch@rhmtrial.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Matt,

I do think a follow up call would be helpful to ensure we're all on the same page, as your note below incorrectly suggests IKEA has "steadfastly refused" to produce further documents. The issue is that the named defendant entities do not have relevant documents to produce. That said, we are checking with our client on other documents responsive to your requests and do intend to make an additional production soon. In light of that, let's chat at 11AM. We can use the following dial-in:

Dial-In: 888-706-0584
Participant Code: 1721440

Thanks,
Riqui

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Wednesday, June 01, 2022 12:33 PM
**To:** Ricardo Bonilla <rbonilla@fr.com>; Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Cindy Hart <hart@fr.com>; Travis Lynch <lynch@rhmtrial.com>
**Subject:** Re: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Ricardo,

We have conducted a telephonic meet and confer with your colleagues and, as you can see from this chain, have also traded several emails in which your team steadfastly refused to produce any further documents.

Happy to discuss one more time if you think your client's position will change.  We are free tomorrow in the morning before noon Central, please let us know what time works.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com



---

**From:** Ricardo Bonilla <rbonilla@fr.com>
**Date:** Wednesday, June 1, 2022 at 11:26 AM
**To:** C. Matthew Rozier <matt@rhmtrial.com>, Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jonathan Miller <miller@rhmtrial.com>, Neil McNabnay <McNabnay@fr.com>, Philip Brown <pgbrown@fr.com>, Cindy Hart <hart@fr.com>, Travis Lynch <lynch@rhmtrial.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Matt,

I don't think I've had an opportunity to discuss these issues with your side yet. What's your availability tomorrow or Friday for a follow up?

Thanks,
Riqui

---

**From:** C. Matthew Rozier <matt@rhmtrial.com>
**Sent:** Wednesday, June 01, 2022 11:04 AM
**To:** Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller

<miller@rhmtrial.com>; Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>; Travis Lynch <lynch@rhmtrial.com>
**Subject:** Re: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Adil,

Please let us know if you have any update on Ikea's deficient document production.  We believe our meet and confer obligations have been satisfied, but we are available for a follow-up call today or tomorrow if you believe otherwise.  If we do not hear from you by the end of the day tomorrow we will assume that Ikea's position has not changed and that it is refusing to produce any additional documents.

Regards,

Matt

**C. Matthew Rozier**
**Rozier Hardt McDonough PLLC**
2590 Walnut Street
Suite 10
Denver, CO 80205
O:  720.820.3006
C:  202.316.1591
E:  matt@rhmtrial.com

---

**From:** Travis Lynch <lynch@rhmtrial.com>
**Date:** Wednesday, May 11, 2022 at 2:31 PM
**To:** Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>, Jonathan Hardt <hardt@rhmtrial.com>, Jonathan Miller <miller@rhmtrial.com>, C. Matthew Rozier <matt@rhmtrial.com>, Neil McNabnay <McNabnay@fr.com>, Philip Brown <pgbrown@fr.com>, Ricardo Bonilla <rbonilla@fr.com>, Cindy Hart <hart@fr.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Adil,

Thank you for your email.  To date, Ikea has produced public website screen captures and prior art.  Ikea has not produced a single technical document, nor has it produced any agreements, corporate organizational charts, etc. that support the allegations in your email.  The operative Complaint in this case includes claims of direct infringement as well as inducement of infringement.  Please

immediately produce any agreements your clients have with the entities mentioned in your email or any other entity that runs websites for your clients, or any subsidiaries, parents, or affiliates of those entities, including documents sufficient to show your client's relationship with other Ikea entities, whether that relationship is as a subsidiary, sister company, parent, affiliate, or a franchise relationship.  Please also immediately produce documents sufficient to evidence any and all sales made by your clients through or as a result of use of your client's website, including, but not limited to, quantity and description of items sold and financial information related to any such sales, etc. This list is not meant to be exhaustive, but given that your clients are refusing to produce any non-public documents, these requests are a minimum starting point.

If your clients have not made a substantial production by close of business next Tuesday, May 17, AR Design will have no choice other than to enter the Court's discovery dispute protocol.

Regards,

**Travis Lynch**
**Rozier Hardt McDonough PLLC**
3621 Vinings Slope SE,
Suite 4300
Atlanta, GA 30339
Direct:  470.480.9514
Email:  lynch@rhmtrial.com



---

**From:** Adil Shaikh <shaikh@fr.com>
**Sent:** Wednesday, May 4, 2022 10:03 PM
**To:** Travis Lynch <lynch@rhmtrial.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Travis,

Correct, IKEA NAS has conducted reasonable search and has substantially produced documents responsive to technical or other details of the IKEA Place App. This includes information relevant to the additional categories identified by AR Design below.

As indicated in its Answer, IKEA NAS does not make, use, supply, etc. the IKEA Place App. *See* Dkt. 11 at ¶ 26. The entity with relevant information regarding the IKEA Place App is Inter IKEA Systems B.V., as indicated in IKEA NAS' Initial Disclosures dated April 6. *See* IKEA NAS Initial Disclosures at 4.

As to the additional categories of information below—IKEA NAS objects to these categories of requests as vague, overbroad, and/or not properly limited in scope to the extent they seek "any and all" "documents," "contracts," "agreements," and "communications." IKEA NAS further objects to the below requests to the extent that it purports to require production of (1) information or documents subject to the attorney-client privilege; (2) information protected by the work product doctrine; and/or (3) information subject to other applicable privileges or immunities.

As discussed on the call, IKEA NAS and Inter IKEA have a business relationship only. This is public information available on both on the Ingka IKEA and Inter IKEA websites. As also mentioned on the call, IKEA NAS demands dismissal of this case because IKEA NAS is an incorrectly named party. The "agreements" you reference below have nothing to do with the accused technology. AR Design, to the extent it intends to continue pursuing assertion of its claims against the IKEA Place app, should dismiss this case and file a lawsuit against the proper party responsible for the accused technology and capable of providing discovery regarding that technology.

Please let us know by May 6, 2022 that AR Design will dismiss this lawsuit against an incorrect entity. If AR Design would like to meet and confer, we have availability on Friday (5/6) afternoon between 3-5pm CST.

Adil

--
**Adil Shaikh ::** Fish & Richardson P.C. **::** 214 292 4083 (direct) **::** 469 939 5119 (mobile)

**From:** Travis Lynch <lynch@rhmtrial.com>
**Sent:** Thursday, April 28, 2022 8:45 AM
**To:** Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG


Counsel,

As a follow up to our call yesterday, we'd like to address a couple of issues.  ***First***, during the call, you indicated that Defendant IKEA North America Services LLC ("IKEA NA") allegedly does not have any responsive documents to produce in this case because it is not the developer of the Accused Instrumentalities (Ikea Place App).  However, during the call you said that IKEA NA has agreements with Inter IKEA Systems B.V., who you contend is the developer of the Ikea Place App.  Even setting that aside, IKEA NA has been accused of both direct and

indirect infringement, and as a customer of IKEA Systems B.V., it most certainly has other documents relating to this product, including related to the demand for the patented features, the prices charged for the features, the benefits received from the patented technology, and the revenue realized as a result of IKEA NA's use of the Accused Instrumentalities.  Finally, and with respect to AR Design's document requests in its April 13th email, Defendant raised several objections in its April 26th email, but not one of those objections were based on the idea that that responsive, relevant document were not within IKEA NA's custody, possession, or control.

Based on our call yesterday (and in addition to AR Design's document requests as set forth in its April 13th email), please confirm that Defendant will immediately produce the following categories of documents:

1. Any and all contracts and agreements between Defendant and Inter IKEA Systems B.V. relating to the Ikea Place App;
2. Any and all documents and communications relating to any agreements and/or contracts between Defendant and Inter IKEA Systems B.V. relating to the Ikea Place App; and
3. Any and all documents provided to Defendant by Inter IKEA Systems B.V. relating to the Ikea Place App, including but not limited to advertisements, brochures, training materials, promotional materials.

Please confirm that Defendant will search for and make a substantial production of documents by Friday, May 6, 2022.

**Second**, while we continue to investigate Defendant's relationship to Inter IKEA Systems B.V., Plaintiff intends to move for leave to amend its Complaint to add Inter IKEA Systems B.V. as a Defendant in this case.  Please let us know if Defendant opposes this motion, and if so, what time you are available for a meet and confer on plaintiff's anticipated motion.

**Travis Lynch**
**Rozier Hardt McDonough PLLC**
3621 Vinings Slope SE,
Suite 4300
Atlanta, GA 30339
Direct:  470.480.9514
Email:  lynch@rhmtrial.com



---

**From:** Travis Lynch
**Sent:** Tuesday, April 26, 2022 9:21 AM
**To:** Adil Shaikh <shaikh@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Neil McNabnay

<McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Adil,

4pm Central tomorrow works. I'll circulate a call in number. Thanks.

**Travis Lynch**
**Rozier Hardt McDonough PLLC**
3621 Vinings Slope SE,
Suite 4300
Atlanta, GA 30339
Direct:  470.480.9514
Email:  lynch@rhmtrial.com



**From:** Adil Shaikh <shaikh@fr.com>
**Sent:** Tuesday, April 26, 2022 1:31 AM
**To:** Travis Lynch <lynch@rhmtrial.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG


Travis,

IKEA NAS has not failed to comply with the Court's schedule. I have availability after 3:30pm CST on Wednesday to meet and confer to discuss—please let me know a time that works.

In response to your prior email dated April 13—IKEA NAS is aware of its obligations under the Discovery Order (Dkt. 21) for this matter, and is working diligently towards producing additional non-privileged, relevant documents. To date, IKEA NAS has substantially identified relevant information in its initial disclosures served on April 6, and many of the categories of information identified in the April 13 email were directly answered in IKEA NAS' initial disclosures. We can expand on this at the meet and confer on Wednesday to the extent AR Design has any questions.

Further, IKEA NAS is reviewing the 30+ categories of information provided by AR Design in the email below and is collecting relevant, non-privileged documents accordingly. That said, many of AR

Design's categories identified below are objectionable. For example, several of these categories of information are premature in light of P.R. 3-4 and/or 4-6 (e.g., Nos. 4, 5, 10, 13-21, 24). IKEA NAS will comply with the P.R. 3-4 deadline on Wednesday. *See* P.R. 3-4 and Dkt. 20. Further, at least Nos. 1-24 and 27-30 are vague, overbroad, and/or not properly limited in scope to the extent they seek "any and all documents and communications." Additionally, several categories below—e.g., Nos. 6-8, 25-29—are objectionable because they call for the disclosure of expert opinions prior to the date designated for such disclosures in the Court's Scheduling Order, as requests such as these are best answered near the close of discovery, and certainly after expert discovery has concluded.

IKEA NAS further objects to every request to the extent that it purports to require production of (1) information or documents subject to the attorney-client privilege; (2) information protected by the work product doctrine; and/or (3) information subject to other applicable privileges or immunities.

Adil
--
**Adil Shaikh ::** Fish & Richardson P.C. **::** 214 292 4083 (direct) **::** 469 939 5119 (mobile)

---

**From:** Travis Lynch <lynch@rhmtrial.com>
**Sent:** Monday, April 25, 2022 11:14 AM
**To:** Neil McNabnay <McNabnay@fr.com>; Philip Brown <pgbrown@fr.com>; Adil Shaikh <shaikh@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>
**Subject:** RE: AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

[This email originated outside of F&R.]

Counsel,

Please let us know your availability for a meet and confer on or before this Wednesday (4/27) to discuss Defendants' continued failure to comply with the Court's schedule.


**Travis Lynch**
**Rozier Hardt McDonough PLLC**
3621 Vinings Slope SE,
Suite 4300
Atlanta, GA 30339
Direct:  470.480.9514
Email:  lynch@rhmtrial.com



**From:** Travis Lynch
**Sent:** Wednesday, April 13, 2022 5:52 PM
**To:** Neil McNabnay <McNabnay@fr.com>; pgbrown@fr.com; Adil Shaikh <shaikh@fr.com>; Ricardo Bonilla <rbonilla@fr.com>; Cindy Hart <hart@fr.com>
**Cc:** Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; Jonathan Miller <miller@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>
**Subject:** AR Design Innovations LLC v. IKEA North America Services - 2:21-cv-00465-JRG

Counsel,

To date, Defendants have failed to produce any documents in this case. Local Rule CV-26(d), the Court's Discovery Order (Dkt. 21), and Docket Control Order (Dkt. 20) required Defendants to produce all documents relevant to the pleaded claims and defenses involved in this action by April 6, 2022.  Given the severity of Defendants' discovery failures, Plaintiff is providing a list of categories, communications, and things that are relevant to this case.   The following categories of documents, communications, and things are merely exemplary and reflect the most glaring deficiencies in Defendants document production to date.  **Please confirm by close of business Friday, April 15, that you will make a substantial production by next Friday, April 22.  If you do not agree to produce the required documents, please provide a time to meet and confer Monday, April 18, so that we may begin the process of entering the Court's discovery dispute procedures.**

1. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) identified in response to any interrogatories or set of interrogatories (*e.g.* First Set of Interrogatories, Second Set of Interrogatories, etc.) served on Defendants by Plaintiff.

2. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) supporting and relating to the allegations in any operative Answer.

3. Any and all documents, communications, agreements, invoices, and payment records (including but not limited to e-mail and electronic messages of any form) between Defendants and the manufacturer, designer or developer of any the Accused Instrumentalities.

4. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form, technical manuals, installation manuals, etc.) relating to the development, configuration, and use of the Accused Instrumentalities.

5. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) describing how to use and operate the Accused Instrumentalities.

6. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to Defendants' payments made to any

manufacturer, designer or developer for the Accused Instrumentalities and related services, including but not limited to documents evidencing the price(s) paid, license fee(s) paid, subscription fee(s) paid, invoice(s) paid, and/or work order(s) paid.

7. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to Defendants' decision to develop, provide, or offer the Accused Instrumentalities, including but not limited to all documents relating to the potential benefits of using the Accused Instrumentalities and any business case(s), forecast(s), projection(s), study(ies), proposal(s), analysis(es), or other like documents relating to or evidencing Defendants' rationale and/or justification for spending resources to offer the Accused Instrumentalities.

8. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to any valuation(s), study(ies), analysis(es), or the like done relating to Defendants' use of the Accused Instrumentalities as they affect Defendants' overall business and/or the benefits the Accused Instrumentalities provide to Defendants.

9. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to the Asserted Patent.

10. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to Plaintiff's claims in this lawsuit, including but not limited to the claims in the Complaint, that Defendants infringe the Patent-in-Suit.

11. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) between Defendants and any third party, relating to Plaintiff's claims in this lawsuit or in any communications with Defendants, including but not limited to the claims in the Complaint, that Defendants infringe the Patent-in-Suit.

12. Any and all documents or communications (including but not limited to e-mail and electronic messages of any form) relating to Defendants' decision to make, use, sell, or offer to sell the Accused Instrumentalities.

13. Any and all documents or communications (including but not limited to e-mail and electronic messages of any form) identifying when Defendants first become aware of any contention by Plaintiff that Defendants infringe the Patent-in-Suit.

14. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that it does not infringe the Patents-in-Suit, including but not limited to documents relating to the specific statutory provision(s) upon which you base your contentions of non-infringement and a statement of which element(s) of the Patent-in-Suit that you contend are not present in the Accused Instrumentalities.

15. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that that the Patent-in-Suit are invalid, including but not limited to documents relating to the specific statutory provision(s) upon which you base your contentions of

invalidity.

16. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that that Plaintiff's claims for costs are barred, in whole or in part, by 35 U.S.C. § 288.

17. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that Plaintiff's claims are barred by one or more of the doctrines of equitable estoppel, waiver, acquiescence, unenforceability, and/or laches.

18. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that Plaintiff is not entitled to injunctive relief because it has not suffered and will not suffer irreparable harm because of Defendants' conduct and/or has adequate remedies at law.

19. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that Plaintiff's claims are barred by a covenant not to sue, license, and/or the doctrine of patent exhaustion.

20. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) providing, refuting, or relating to any and all factual bases for any affirmative defense by Defendants (as may appear or appears in any operative Answer) that Plaintiff's claims fail to state a claim upon which relief can be granted.

21. Each piece of prior art that Defendants contend is relevant to this case.

22. Any and all patent licenses relating to the Accused Instrumentalities.

23. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to offers by Defendants to license a patent or accusations by Defendants of infringement of any of Defendants' patent rights.

24. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) supporting or relating to the legal or factual bases for each and every affirmative defense that Defendants reserved, reserves, asserts, or intends to assert in this matter.

25. In electronic spreadsheet format, and/or the format such records are usually kept in the ordinary course of business, your historical and projected accounting, and operational results, with respect to and for any services that Defendants provide with the Accused Instrumentalities for the time period December 23, 2015, to the present, including but not limited to:

    a. financial statements and drafts thereof, including, but not limited to, income

<ol start="1">
<li>statements, balance sheets, cash-flow statements, and notes to the financial statements;</li>
</ol>

<ol type="a" start="2">
<li>monthly general ledger details for each income statement and balance sheet line item;</li>
<li>periodic internal management reports, including, but not limited to, accounting and financial reports, operational reports, key performance indicator reports;</li>
<li>revenue profitability analyses;</li>
<li>fixed and variable cost analyses;</li>
<li>external and internal audit reports and associated work papers;</li>
<li>internal and financial plans, budgets, forecasts, and projections.</li>
</ol>

26. In electronic spreadsheet format, and/or the format such records are usually kept in the ordinary course of business, and for each service that Defendants provide with the Accused Instrumentalities, documents that evidence the following:

    a. the download and usage volume of the Accused Instrumentalities on a monthly and yearly basis from December 23, 2015, to the present;

    b. the messaging volume for the Accused Instrumentalities on a monthly and yearly basis from December 23, 2015, to the present;

    c. the transaction volume associated with purchases from using the Accused Instrumentalities on a monthly and yearly basis from December 23, 2015, to the present;

    d. the gross dollar revenue generated by users of the Accused Instrumentalities, directly or indirectly, including but not limited to advertising revenue and/or revenue pursuant to agreements with other entities, on a monthly and yearly basis from December 23, 2015, to the present;

    e. the direct cost of goods and services sold and all other direct and indirect costs (by line item) for the services that Defendants provide with the Accused Instrumentalities, on a monthly and yearly basis from December 23, 2015, to the present;

    f. the rebates, discounts, returns, or other offsets to revenue (*e.g.* contra revenue accounts) for the services that Defendants provide with the Accused Instrumentalities on a monthly and yearly basis from December 23, 2015, to the present; and

    g. all related products and services sold, or intended to be used, with the services that Defendants provide with the Accused Instrumentalities, and for each such related product and service, identify the product or service name, any associated product or service number and product or service category, and the sales volume, gross dollar revenue, and direct cost of goods and services sold, and all other direct and indirect costs (by line item) for each such related product or service on a monthly and yearly basis from December 23, 2015, to the present.

27. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to cost savings, non-monetary benefits, or other

benefits that relate to the Accused Instrumentalities.

28. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to the Accused Instrumentalities that demonstrate their value to the Defendants or its customers, including but not limited to customer reports, customer surveys, customer usage reports, etc.

29. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to, any royalty rate(s) for the Accused Instrumentalities that you contend would constitute a reasonable royalty rate under 35 U.S.C. § 284, assuming infringement of the Patent-in-Suit.

30. Any and all documents and communications (including but not limited to e-mail and electronic messages of any form) relating to the sales, offers for sale, selection, or installation of the Accused Instrumentalities, including but not limited to:

    a. contract bids (including any proposals or responses to requests for proposals (RFP);
    b. marketing plans and/or forecasts;
    c. research and development reports;
    d. advertisements;
    e. promotional brochures;
    f. product literature;
    g. catalogs;
    h. press releases;
    i. trade show exhibits;
    j. price lists; and
    k. advertising rates.

To avoid any confusion about the meaning of any particular term used in the categories above, the following definitions apply:

- "Defendants" or "you" or "your" means IKEA North America Services LLC and IKEA Dallas L.P, its agents, and their agents, employees, partners, officers, directors, trustees, beneficiaries, parents, subsidiaries, predecessors, successors, investigators, consultants, contractors, experts, attorneys, and any and all other persons and entities representing it or acting on its behalf;
- "Plaintiff" or "AR Design" means "AR Design Innovations LLC";
- "Complaint" shall refer to the operative Complaint filed in this action;
- "Answer" shall refer to the operative Answer, along with any counterclaims or affirmative defenses;
- "Patent-in-Suit" or "Asserted Patent" shall mean U.S. Patent Nos. 7,277,572;
- "document" or "documents" is used in a broad sense as contemplated and defined in Federal Rule of Civil Procedure 34, and also includes without limitation, the following items, whether

printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged, subject to work product immunity, confidential or personal, namely: software programs; agreements; communications, including intra-company communications; correspondence; telegrams; reports; memoranda; summaries and records of telephone conversations; diaries; forecasts; statistical statements; graphs; laboratory and engineering reports and notebooks; charts; plans; sketches; drawings; blueprints; photographs; minutes or records of meetings, including directors' meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports and summaries of interviews; reports and summaries of investigations; opinions or reports of consultants; opinions of counsel; records, reports, or summaries of negotiations; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of any documents; original or preliminary notes; computer printouts; and other data compilations from which information can be obtained or translated by Defendant through detection devices into reasonably usable form; any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document";

- "Accused Instrumentalities" shall mean any product, service, instrumentality, or offering, including any functionality or capability of the same, related to the products, services, instrumentalities, or offerings identified as Accused Instrumentalities in the operative Complaint (and any amendments or revisions thereto) and in Plaintiff's Preliminary Infringement Contentions, served on March 2, 2022 (and any amendments or revisions thereto);
- "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications; and
- "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed modifying, contradicting, criticizing, discussing, mentioning , or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Defendants behalf in relation to the subject matter specified.

**Travis Lynch**
**Rozier Hardt McDonough PLLC**
3621 Vinings Slope SE,
Suite 4300
Atlanta, GA 30339
Direct:  470.480.9514
Email:  lynch@rhmtrial.com





****************************************************************************
****************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message.
****************************************************************************
****************************************

****************************************************************************
****************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message.
****************************************************************************
****************************************

****************************************************************************
****************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message.
****************************************************************************
****************************************

****************************************************************************
****************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message.
****************************************************************************
****************************************